**Robert E. CUMMINGS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–3641.

United States Court of Appeals, Sixth Circuit.

Aug. 29, 2002.

Before MOORE and COLE, Circuit

Judges; and MARBLEY, District Judge.*

## OPINION

COLE, Circuit Judge.

Robert Cummings appeals the denial of his applications for Social Security Disability Insurance and Supplemental Security Income. Cummings assigns error to the district court's finding that the Commissioner of Social Security ("the Commissioner") determined on the basis of substantial evidence that (1) Cummings possesses the residual functional capacity to sit for six hours and walk for ten to fifteen minutes at a time in one work day; (2) there are a significant number of jobs in the national economy that Cummings can perform; and (3) Cummings is capable of performing light work.

Cummings argued before the district court that the Commissioner failed to take into account the testimony of a treating physician indicating that Cummings suffers from "Stiffman" syndrome, rendering him almost completely physically disabled. Cummings argued that the Commissioner thus failed to recognize that he is unable to sit for more than one hour at a time, walk for more than fifteen minutes at a time, or stand for more than ten minutes at a time. Cummings also argued that the district court should dismiss the findings of Carol Mosley, a qualified vocational expert who testified at the administrative hearing regarding Cummings's claims for benefits. Mosley testified that Cummings could perform a single occupation, that of surveillance system monitor. Cummings argued that Mosley's recommendation of this single position does not support the Commissioner's conclusion that there exist a substantial number of jobs in the local

economy that he can perform. The district court disagreed with Cummings's contentions. The court concluded that because of the overwhelming medical evidence in the record indicating that Cummings is able to perform a limited range of light work, and because the regulations supporting the Social Security Act indicate that the Commissioner need only identify a single position that exists in substantial numbers in the local economy, the findings of the Commissioner were amply supported by substantial evidence. The district court thus found that the Commissioner did not err in finding Cummings ineligible for Social Security benefits.

Cummings appeals the district court's judgment, asserting identical claims. After a careful review of the record in this case, including the testimony of the qualified medical and vocational experts at the administrative hearing, the applicable law, counsel's briefs and arguments, and the opinion of the district court, we find that the district court did not err in concluding that there was substantial evidence to support the conclusions of the Commissioner. Because the court below thoroughly analyzed Cummings's contentions in its written opinion, we believe that the issuance of a full opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set forth in the opinion below, we AFFIRM the judgment of the district court.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.